UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEITH MATTHEW MINKOSKY,

Plaintiff,

v.                                           CAUSE NO. 1:22-CV-300-HAB-SLC

DAVID J. GLADIEUX,

Defendant.

OPINION AND ORDER

Keith Matthew Minkosky, a prisoner without a lawyer, filed a complaint against Sheriff David J. Gladieux about the conditions of confinement at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Minkosky seeks damages for being detained in the Allen County Jail during the period when the jail was found to be unconstitutionally overcrowded. In the class action, *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022), the court found at summary judgment that certain conditions of confinement at the jail violated the Eighth and Fourteenth Amendments to the

Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners, and it continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17.

Simply being at the jail during the period relevant to this class action is not enough to receive damages. Overcrowding, on its own, does not state a constitutional claim, and instead the court must look to the effects the overcrowding has on the conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). To state a claim, Minkosky must link the complained-of conditions to the overcrowding and explain how he was personally affected by the conditions because a necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic.").

In his complaint, Minkosky alleges he entered the jail on April 20, 2021. He complains that he had no recreation until May 3, 2022; he suffered tension from overcrowding until April 27, 2022; the jail mixed federal with nonfederal inmates and pretrial detainees with convicted offenders until June 15, 2022; he slept on the floor on several occasion until April 27, 2022; the lights remained on at night until April 27, 2022; the bunks, toilets, and floors were and continue to be unsanitary; the food was cold and he was not given any fruit; the jail was understaffed and often on lockdown; no inmates had the opportunity to attend church or chapel until May 3, 2022; and fights went unnoticed. Minkosky specifically alleges that he was attacked three times, but no jail staff noticed.

This list of complaints does not state a claim without additional supporting details. As a pretrial detainee, Minkosky is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities," *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 453 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)), as well as constitutionally adequate medical care, *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). If a condition meets this level, a plaintiff may recover if the condition was "imposed for the purpose of punishment, . . . is not reasonably related to a legitimate goal . . ., or is excessive in

relation to that purpose." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell*, 441 U.S. at 538-39 and *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

Here, Minkosky's complaint does not state a claim because he does not explain how these jail conditions denied him "basic human needs" or "the minimal civilized measure of life's necessities." *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011). The only specific harm Minkosky alleges is being attacked three times. But without more details, the court cannot determine whether the attacks could be reasonably attributed to the overcrowding or whether Sheriff Gladieux or another staff member could be held responsible for failing to prevent the attack.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Minkosky may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Keith Matthew Minkosky until **December 20, 2022**, to file an amended complaint; and

(2) CAUTIONS Keith Matthew Minkosky if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 18, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT