UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **KEITH MATTHEW MINKOSKY,** | |
| **Plaintiff,** | |
| v. | CAUSE NO. 1:22-cv-00300-SLC |
| **DAVID J. GLADIEUX,** *Sheriff*, | |
| **Defendant.** | |

## OPINION AND ORDER

Keith Matthew Minkosky, a prisoner without a lawyer, filed a motion asking to be appointed counsel. (ECF 36). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

Here, Minkosky has made an adequate attempt to obtain counsel on his own. However, given the difficulty of this case, he is competent to litigate it himself. "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson*, 750 F.3d at 711. "District courts are

thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Id.* When determining whether to recruit pro bono counsel, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F.3d at 655. The relevant inquiry "is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* There are no "fixed" requirements for determining a plaintiff's competence to litigate his own case, but the court should take into consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id.* In the end, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Minkosky says he needs a lawyer because this case is complex. However, he is literate and able to communicate his ideas; he was able to successfully amend his complaint to state a claim after his first complaint did not contain enough detail about how the jail conditions harmed him. (ECF 6, 9). The Court's screening order laid out the elements he must prove, and Minkosky has demonstrated that he knows how to conduct discovery to gather evidence. (ECF 34, 37, 46).

Minkosky says he needs an attorney because he has limited access to the law library and limited knowledge of the law. Limited access to the law library can be remedied by Minkosky asking for more time to meet a deadline, if he needs it. It does not require a lawyer. And although he does not know as much about the law as an

2

attorney would, Minkosky's motion for counsel shows that he can conduct legal research.

Minkosky says he needs an attorney because a trial in this case will likely involve conflicting testimony. No trial is scheduled; a trial will not be scheduled until any summary judgment motions are resolved, if any party chooses to file one. Finally, Minkosky says an attorney will expedite discovery. Undoubtedly, having an attorney would make the discovery process smoother. But Minkosky has shown he is able to obtain discovery on his own (ECF 41, 45), and he is taking steps to request responses from the Defendant for unanswered discovery requests (ECF 49, 50). There is no indication he will be unable to file a motion to compel if those steps don't work. Based on this motion and the record before the Court, Minkosky is competent to represent himself in this case at this time.

For these reasons, the Court GRANTS the request for a ruling (ECF 51) and DENIES the motion for counsel (ECF 36).

SO ORDERED.

Entered this 29th day of February 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge